# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2022

Lyle W. Cayce
Clerk

No. 21-51108
CONSOLIDATED WITH
No. 21-51110
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Leopoldo Pacheco-Apodaca,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-552-1
USDC No. 4:21-CR-736-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51108 c/w 21-51110

Leopoldo Pacheco-Apodaca appeals his conviction and sentence for illegal reentry after removal under 8 U.S.C. § 1326(a) and (b)(1), along with the revocation of the term of supervised release that he was serving at the time of the offense.  He has not briefed, and has therefore abandoned, any challenge to the revocation of supervised release or his revocation sentence. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

For the first time on appeal, Pacheco-Apodaca contends that § 1326(b) is unconstitutional because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt.  Pacheco-Apodaca correctly concedes that the argument is foreclosed by *Almendarez-Torres v. United States,* 523 U.S. 224 (1998). *See, e.g.*, *United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  However, he wishes to preserve the issue for further review and has filed an unopposed motion for summary disposition.  Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Pacheco-Apodaca's motion is GRANTED, and the district court's judgment is AFFIRMED.